RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 10 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**FILED IN CHAMBERS**
U.S.D.C. - Atlanta

**MAR 1 4 2011**

James N. Hatten, Clerk
By: _____ Deputy Clerk

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **Case No. 1:11-CV-0746** |
| v. | **STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION** |
| WEST ASSET MANAGEMENT, INC., | |
| Defendant. | |

WHEREAS, Plaintiff, the United States of America, has commenced this action by filing the Complaint herein, Defendant West Asset Management, Inc., has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order");

THEREFORE, on the joint motion of Plaintiff and Defendant, IT IS
HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.    This Court has jurisdiction of the subject matter and of the parties.

2.    The Complaint states a claim upon which relief may be granted
against Defendant under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal
Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and
56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"),
15 U.S.C. § 1692*l*.

3.    Venue in this district is proper under 28 U.S.C. §§ 1391(b)-(c) and
1395(a) and 15 U.S.C. § 53(b).

4.    The activities of Defendant are in or affecting commerce as
"commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    For purposes of this Order, the definitions set forth in the FDCPA,
15 U.S.C. § 1692a, shall apply.

6.    Entry of this Order is in the public interest.

7.    Defendant stipulates to entry of this Order freely and without
coercion.  Defendant further acknowledges that it has read the provisions of this
Order and is prepared to abide by them.

8.     All parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

9.     The parties shall each bear their own costs and attorneys' fees incurred in this action.  Defendant waives all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Defendant further waives and releases any claim it may have against the Federal Trade Commission, its employees, representatives, or agents.

10.     Plaintiff and Defendant, by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order.

11.     Defendant has not admitted any of the allegations of wrongdoing set forth in the Complaint, and entry of this Order is not an admission of any such allegations or wrongdoing or violation of law.  Nonetheless, Defendant stipulates and agrees to entry of this Order to settle and resolve these disputes.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.     "Commission" means the Federal Trade Commission;

B.     "Defendant" means West Asset Management, Inc. (WAM), and its successors and assigns;

C.     "Plaintiff" means the United States of America.

## ORDER

### I.   INJUNCTION AGAINST VIOLATIONS OF THE FTC ACT

IT IS HEREBY ORDERED that Defendant and its officers, agents, servants, employees, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, in connection with collecting or attempting to collect debts, are permanently restrained and enjoined from the following actions:

A.   Misrepresenting to consumers, expressly or by implication, that:

    1.   WAM is a law firm or WAM collectors are attorneys;

    2.   Nonpayment of a debt will result in the seizure, garnishment, attachment, or sale of consumers' properties or wages, or the arrest or imprisonment of consumers;

    3.   Nonpayment of a debt will result in WAM taking legal action or seeking criminal prosecution against consumers;

    4.   Partial payments by consumers will be accepted as full settlement of the consumers' indebtedness; or

4

5.     Negative credit information will remain on consumers' credit reports until the debt is paid;

B.     Making any misrepresentation to consumers, expressly or by implication, about the consequences of paying or not paying a debt, in whole or in part;

C.     Making any material misrepresentation, expressly or by implication, to collect or attempt to collect a debt or obtain information concerning a consumer; and

D.     Making any withdrawals from consumers' bank accounts or charges onto consumers' credit cards without obtaining consumers' express, informed consent.

## II.    INJUNCTION AGAINST VIOLATIONS OF THE FDCPA

IT IS FURTHER ORDERED that Defendant and its officers, agents, servants, employees, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, in connection with acting as a "debt collector" on behalf of a "creditor" in the collection of a "debt" from a "consumer," as those terms are

defined in Section 803(6), (4), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692(a)(6), (4), (5), and (3), are permanently restrained and enjoined from the following actions:

A.     Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

1.     Falsely representing or implying that Defendant is a law firm or that its collectors are attorneys, or that communications from Defendant are from a law firm or attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

2.     Representing or implying that nonpayment of a debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person or the arrest or imprisonment of any person when such action is not lawful or when Defendant or the creditor does not intend to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

3.     Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5); or

    4.    Using any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10);

B.    Using any unfair or unconscionable means to collect or attempt to collect any debt, in violation of Section 808 of the FDCPA, 15 U.S.C. § 1692f, including, but not limited to:

    1.    Withdrawing funds from consumers' bank accounts or charging consumers' credit without obtaining the consumers' express informed consent; or

    2.    Depositing or threatening to deposit postdated checks or other postdated payment instruments prior to the date on such checks or instruments, in violation of Section 808(4) of the FDCPA, 15 U.S.C. § 1692f(4);

C.    Communicating with any person other than the consumer for the purpose of acquiring location information about the consumer in any manner that violates Section 804 of the FDCPA, 15 U.S.C. § 1692b, including, but not limited to:

    1.    Communicating to third parties that a consumer owes a debt, in violation of Section 804(2) of the FDCPA, 15 U.S.C. § 1692b(2); or

2.     Communicating with third parties, including third parties who do not know the debtor or who are related to a deceased debtor but are not the spouse, parent (if the debtor was a minor), guardian, executor, or administrator of the debtor's estate, more than once when:  a) not requested to do so by such person, or  b) when the Defendant lacks a reasonable belief that the earlier response of such person was erroneous or incomplete and that the person has correct or complete location information to provide, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3);

D.     Communicating with a consumer at any unusual time or place or a time or place known or which should be known by the Defendant to be inconvenient to the consumer, including, but not limited to:

1.     Communicating with the consumer before 8 a.m. or after 9 p.m. at the consumer's location; and

2.     Communicating with the consumer at the consumer's place of employment, when the Defendant knows or should know that it is inconvenient for the consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1);

E.     Communicating with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's

8

employer prohibits the consumer from receiving such communication, in violation

of Section 805(a)(3), 15 U.S.C. § 1692c(a)(3);

F.      Except as provided in Section 804 of the FDCPA, communicating

with any person other than the consumer, the attorney of the consumer, a consumer

reporting agency, if otherwise permitted by law, the creditor, the attorney of the

creditor, or the attorney of the debt collector, in connection with the collection of a

debt, unless the Defendant has the prior consent of the consumer given directly to

the Defendant, or the express permission of a court of competent jurisdiction, or the

Defendant can show that such communication is reasonably necessary to effectuate

a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15

U.S.C. § 1692c(b);

G.      Communicating with a consumer after receiving written notice that

the consumer refuses to pay the debt or that the consumer wishes the debt collector

to cease further communications with the consumer, in violation of Section 805(c)

of the FDCPA, 15 U.S.C. § 1692c(c); and

H.      Engaging in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt, in

violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not

limited to:

1.     Using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); or

2.     Causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

## III.   MONETARY PROVISIONS

IT IS THEREFORE ORDERED that:

A.     Defendant WAM shall pay to the Plaintiff, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(a), the amount of $2,800,000.00 (Two Million and Eight Hundred Thousand Dollars), for alleged violations of the FDCPA. Within ten (10) days of the entry of this Order, Defendant shall pay the entire amount provided for under this Subsection A by electronic funds transfer in accordance with the instructions to be provided by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

B.     In the event of any default in payment that continues for fifteen (15) days beyond the due day of payment, the full judgment of amounts ordered in Subsection A of this section, less any amounts already paid under those

Subsections, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

C.   Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise.

D.   Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission for the purpose of enforcing its rights to any payment or money judgment pursuant to this Order.

## IV.   NOTICE REQUIREMENTS

IT IS FURTHER ORDERED that for a period of five (5) years from the date of entry of this Order, Defendant and its officers, agents, servants, employees, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3):

11

A.    Shall include a clear and conspicuous statement on each written

communication that is sent to a consumer for the purpose of collecting a debt:

> Federal and state law prohibit certain methods of debt
> collection, and require that we treat you fairly.  You can stop us
> from contacting you by writing a letter to us that tells us to stop
> the contact.  Sending such a letter does not make the debt go
> away if you owe it.  Once we receive your letter, we may not
> contact you again, except to let you know that there won't be
> any more contact or that we intend to take a specific action.
>
> If you have a complaint about the way we are collecting this
> debt, please write to our CONTACT CENTER, [Defendant's
> current physical address(es)], or call us toll-free at [Defendant's
> current telephone number(s)] between 9:00 a.m. and 5:00 p.m.
> Eastern Time Monday - Friday.
>
> The Federal Trade Commission enforces the Fair Debt
> Collection Practices Act (FDCPA).  If you have a complaint
> about the way we are collecting your debt, please contact the
> FTC online at www.ftc.gov, by telephone at 1-877-FTC-HELP,
> or by mail at 600 Pennsylvania Avenue NW, Washington, D.C.
> 20580.;

The above disclosures shall be given in the same language as the communication

sent to the consumer and shall commence no later than sixty (60) days after entry of

this Order;

B.    Shall provide a written (electronic or paper) copy of the following

notice to all officers and any agent, servant or employee having responsibility with

respect to the collection of consumer debts, within thirty (30) days of the date of

entry of this Order, and to each employee hired for a period of five (5) years after

that date, no later than the time the employee assumes responsibility with respect to

the collection of the debts, and shall secure from each person, within thirty (30) days

of delivery, a signed and dated statement acknowledging that he or she has received

and read the notice:

> Debt collectors must comply with the federal Fair Debt
> Collection Practices Act, which limits our activities in trying to
> collect money from consumers.
>
> Section 805 of the Act says that, in connection with the
> collection of a debt, you may not contact a consumer at work if
> you know or should know that it is inconvenient for the
> consumer, you may not contact a consumer before 8 a.m. or after
> 9 p.m. local time at the consumer's location, unless the consumer
> has instructed you to do so, you may not contact a consumer
> once you have received written notice that the consumer refuses
> to pay the debt or written demand from that consumer to cease all
> communications, and you may not communicate with any person
> other than the consumer for any purpose other than to obtain
> location information about the consumer not previously known.
>
> Section 806 of the Act states that you may not engage in any
> conduct the natural consequence of which is to harass, oppress,
> or abuse any person in connection with the collection of a debt.
> Among other things, this includes calling someone repeatedly or
> continuously to annoy, abuse, or harass the person.  It also
> includes using obscene or profane language, or language that is
> likely to abuse the person, when speaking with anyone.
>
> Section 807 of the Act prohibits you from representing or
> implying that any action, including garnishment of wages,

arrest, or legal action, will be taken, unless at the time of the representation, such action is lawful and there is a clear intent to take such action. Section 807 also prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Further, Section 808 of the Act prohibits you from using any unfair or unconscionable means to collect or attempt to collect any debt.

**Individual debt collectors are liable for their violations of the Act, and may be required to pay penalties if they violate it.**

*Provided* that, for purposes of compliance with Part IV.B of this Order, the signature required for the employee's statement that he or she has read the notice may be in the form of an electronic signature.

## V.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.   Within ten (10) days of receipt of written notice from a representative of the Plaintiff or the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under the penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

14

B.     In addition, the Plaintiff and the Commission are authorized to use all other lawful means, including, but not limited to:

1.     Obtaining discovery from any person, without further leave of the Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2.     Having its representatives pose as consumers and potential clients to Defendant, its employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C.     Defendant shall permit representatives of the Plaintiff or the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Plaintiff's or the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.     For a period of three (3) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in the structure of Defendant or any business entity that the Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any such change in the business entity about with the Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendant shall provide a written report to the Commission, which is true and accurate and sworn to under the penalty of perjury, setting forth in detail the manner and form in which they



have complied and are complying with this Order. The report set forth in this

Subsection B shall include, but not be limited to:

      1.    A copy of each acknowledgment of receipt of this Order,

obtained pursuant to the section titled "Distribution of Order";

      2.    A copy of each acknowledgment of receipt of the FDCPA notice

obtained pursuant to subsection B of the section titled "Notice Requirements";

and

      3.    Any other changes required to be reported under subsection A of

this section.

C.    Defendant shall notify the Commission of the filing of a bankruptcy

petition by such Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendant shall, unless otherwise

directed by the Commission's authorized representatives, send by overnight courier

all reports and notifications required by this Order to the Commission to the

following address:

                Associate Director for Enforcement
                Bureau of Consumer Protection
                Federal Trade Commission
                600 Pennsylvania Avenue N.W.
                Washington, D.C. 20580

                Re:    U.S. v. West Asset Management, Inc.

*Provided* that, in lieu of an overnight courier, Defendant may send such reports or notifications by first class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Defendant.

## VII.   RECORD KEEPING PROVISION

IT IS FURTHER ORDERED that, for a period of six (6) years from the date of entry of this Order, Defendant, in connection with any business involving the collection of debts, for any business for which it is the majority owner or directly or control, is restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date

18

upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Consumer files containing the names, addresses, phone numbers, dollar amounts paid, dollar amounts of debt owed, records of collection activity, and amounts collected, to the extent such information is obtained in the ordinary course of business;

D.      For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

1.      Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

2.      The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer, Defendant's response to the complaint and the response date; whether the complaint was resolved, the date of resolution; and as a result of any such complaint any action taken to correct alleged conduct that violates the FTC Act or FDCPA;

19

E.    Copies of all training materials, scripts, advertisements, and marketing materials, and a representative copy of all letters or other written communications sent to consumers or third parties in connection with the collection of debt, whether by facsimile, mail, or electronic means;

F.    Tape recordings of the complete telephone conversation for at least ninety (90) percent of all telephone calls between the Defendant and anyone it contacts in collecting or attempting to collect a debt, provided that Defendant must commence making such recordings no later than sixty (60) days after the date of entry of this Order and must maintain such recordings for at least ninety (90) days after they are made; and

G.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order," copies of acknowledgments of receipt of notices given by employees, required by the section titled "Notice Requirements," and all reports submitted to the Commission pursuant to the section titled "Compliance Reporting."

## VIII.   DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of three (3) years from the date of entry of this Order, Defendant must deliver copies of this Order, as directed below:

A.    Defendant must deliver a copy of this Order to (in paper or electronic form): (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of the section titled "Compliance Reporting." For current personnel, delivery shall be within thirty (30) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A of the section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.    Defendant must secure a signed and dated statement acknowledging receipt of this Order within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this section. For purposes of this subsection, electronic signature or electronic acknowledgment of actual receipt shall constitute an acceptable acknowledgment of receipt of this Order.

## IX.   ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendant West Asset Management, Inc., pursuant to all of the terms and conditions recited above.


DATED:   March 14 2011


UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF
AMERICA:

TONY WEST
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia

*Mina Rhee*

MINA RHEE
Assistant U.S. Attorney
GA Bar. No. 602047
600 Richard B. Russell Federal Building
75 Spring Street, S.W.
Atlanta, GA 30303-3309
Phone: 404-581-6000
Mina.Rhee@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation
KENNETH L. JOST
Deputy Director

*Sang Lee by Rhee with express permission*

SANG H. LEE
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-532-4793
Sang.Lee@usdoj.gov

**FOR THE DEFENDANT:**

_____

West Asset Management, Inc.
Michael E. Mazour, President

Dated: 1 - 3 - 11

_____

Andrew G. Berg
Counsel for West Asset Management, Inc.

Dated: 1/5/11.

24

**FOR THE FEDERAL TRADE
COMMISSION:**

*Robin L. Rock*

ROBIN L. ROCK
Federal Trade Commission
225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
Telephone:  404-656-1368
Facsimile:  404-656-1379
Email:  rrock@ftc.gov

## REASONS FOR SETTLEMENT

This statement accompanies the final order executed by defendant West Asset Management, Inc., in settlement of an action brought to recover civil penalties and other equitable monetary relief for engaging in acts and practices that violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

Pursuant to Section 5(m)(3) of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45(m)(3), the Commission hereby sets forth its reasons for settlement by entry of the Stipulated Final Judgment and Order for Permanent Injunction ("Final Order") for West Asset Management:

On the basis of the allegations contained in the complaint, the Commission believes that the imposition of a $2,800,000.00 civil penalty against West Asset Management is an appropriate settlement. These civil penalties, the Final Order's provisions enjoining defendant from further violations of the FDCPA and the FTC Act, and the Final Order's notice and monitoring provisions should assure future compliance with the law by the defendant and others who engage in practices covered by the FDCPA and the FTC Act. With the entry of the Final Order, the time and expense of litigation will be avoided.

For the foregoing reasons, the Commission believes that the settlement by entry of the attached final order is justified and well within the public interest.